UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0584 AG (ASx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | CARLY WARD ET AL. v. JETSUITE, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING MOTION TO REMAND AND DISCHARGING ORDER TO SHOW CAUSE

Plaintiff Carly Ward filed this employment class action against Defendants JetSuite, Inc.; JetSuiteX, Inc.; Superior Air Charter, LLC; and Delux Public Charter LLC (collectively, "JetSuite") in state court. On March 29, 2016, Defendants removed the case to this Court, seeking to invoke this Court's federal question jurisdiction. (Dkt. No. 1.)

Initially, Plaintiff did not object to JetSuite's removal. Instead, Plaintiff filed a 64-page Ex Parte Application seeking, among other things, an order prohibiting JetSuite from contacting prospective class members, ordering JetSuite to produce certain people for deposition, and ordering JetSuite to produce their employees' contact information. (Dkt. No. 8-2.) In the Proposed Order, Plaintiff also included a request to conditionally certify a class under the Fair Labor Standards Act ("FLSA"), although Plaintiff later argued that such request was a "typographical error." The Court denied the Application. (Dkt. No. 10.) Plaintiff's counsel was simultaneously Ordered to Show Cause ("OSC") why sanctions should not issue against them or their client or both for filing the Application. (*Id.*)

Less than 48 hours after the Court denied the Application and issued the OSC, Plaintiff filed the pending Motion to Remand. (Dkt. No. 12.) The Court DENIES Plaintiff's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0584 AG (ASx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | CARLY WARD ET AL. v. JETSUITE, INC. ET AL. | | |

### 1. LOCAL RULE 7-3

The record shows less than full compliance with Local Rule 7-3, which required Plaintiff to meet and confer with opposing counsel before filing the Motion. Local Rule 7-3 requires counsel to "discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing certain motions, like a motion to remand. Although an in-person meeting isn't required, the Court's preference for an in-person meeting highlights its preference for a rigorous discussion of the merits of the motion.

Plaintiff's counsel states that he filed this Motion after a "conference" with opposing counsel on April 27, 2016. But the "conference" included what appears more like Plaintiff's take-it-or-leave-it proposition to stipulate to remand rather than a "thorough" discussion of the "substance" of the Motion. Most significantly, the communications happened within 24-hours of Plaintiff filing the Motion, rather than at least seven days beforehand, as required by Local Rule 7-3. Apart from violating the Local Rule, the 24-hours hardly gave Defense counsel enough time to contemplate the merits or strategy of stipulating to a remand.

Plaintiff's counsel violated not only the textual requirements of the Local Rule, but also the spirit of the Local Rule. Effective advocacy sometimes means going to battle for your client, and sometimes it means cooperating with your opposition. The hope of Local Rule 7-3 is that requiring parties to meet and confer will help the parties decide whether to pick up their swords or waive their white flags. But here Plaintiff's counsel decided the best strategy was to unilaterally barge forward without seeking Defendants' cooperation or following the rules of this Court. The Court expects better compliance with Local Rule 7-3, and the other rules of this Court, moving forward in this case.

### 2. THE MOTION'S MERITS

Plaintiff's failure to comply with Local Rule 7-3 is sufficient grounds to deny Plaintiff's Motion. But the Court can also deny the Motion on the merits. In their Notice of Removal, JetSuite seeks to invoke this Court's federal question jurisdiction. Although the Court wondered whether the Class Action Fairness Act ("CAFA") could also support jurisdiction,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0584 AG (ASx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | CARLY WARD ET AL. v. JETSUITE, INC. ET AL. | | |

JetSuite has confirmed that they only removed based on federal question jurisdiction. (Dkt. No. 20.)

Both the claims in the Complaint and history of this case support that this Court has subject matter jurisdiction over the case. Specifically, Plaintiff's Complaint brings a claim for failure to pay overtime under the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§ 206, 207). The Court has subject matter jurisdiction over that claim, which arises under the laws of the United States. 28 U.S.C. § 1331 ("Federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."). JetSuite therefore properly removed the case to this Court.

Plaintiff argues that the Court should decline to exercise its supplemental jurisdiction over the other state law causes of action, which Plaintiff argues "substantially predominate" over the FLSA claim. But that argument is two-faced. Namely, in the recent Ex Parte Application, Plaintiff included a request to certify an FLSA class action in the proposed order. Even if that request was a "typographical error," Plaintiff certainly intended her earlier requests for an FLSA class action in state court. (*See* Johnson Decl. ¶¶ 2, 3, Dkt. No. 13-1.) Those requests to certify an FLSA class action supports that Plaintiff's FLSA claim is a "primary issue in the litigation," as JetSuite argues. (Dkt. No. 20.) The Court is therefore unpersuaded that the other state law causes of action "substantially predominate" over the federal claim that is a primary issue in this litigation. The Court therefore exercises its supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367.

### 3. SANCTIONS

Now, to the proverbial elephant in the room — sanctions. The Court issued its OSC as to why sanctions should not be issued against Plaintiff or Plaintiff's counsel because it was disturbed by many defects in Plaintiff's Ex Parte Application. The Court's concerns included Plaintiff's request for discovery on an ex parte basis in violation of Local Rule 37-3, Plaintiff's request that the Court certify an FLSA class on an ex parte basis (although Plaintiff alleges this request was a "typographical error"), and the fact that this was the *third* ex parte application in this young case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-0584 AG (ASx) | Date | June 8, 2016 |
|---|---|---|---|
| Title | CARLY WARD ET AL. v. JETSUITE, INC. ET AL. | | |

The overall tenor of Plaintiff's responses to the Court's OSC also failed to show that they fully grasped the significance of their mistakes. For instance, rather than owning up to the fact that they included a request to certify a class on an ex parte basis, Plaintiff's counsel referred to that request as "obviously a typographical error."

The Court remains concerned about Plaintiff's Ex Parte Application and overall failure to fully abide by the rules of this Court. Yet at the hearing on a tentative order granting sanctions, Plaintiff's counsel seemed to recognize the Court's concerns. Defendant also said that avoiding opposing excessive ex parte applications was more important than sanctions. Accordingly, the Court declines to sanction Plaintiff or Plaintiff's counsel and DISCHARGES the OSC.

Still, Plaintiff's counsel is cautioned to think twice — or maybe more times — before seeking emergency relief in this Court again. The Court is hopeful that with fewer emergency applications, and a more rigorous review of the Local Rules by Plaintiff's counsel, counsel can fulfill their duties "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

4.      **DISPOSITION**

The Court DENIES Plaintiff's Motion to Remand. The Court also DISCHARGES the Order to Show Cause.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |